15-1490-cv
*Bartels v. Schwarz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand sixteen.

PRESENT:    PETER W. HALL,
            DENNY CHIN,
            SUSAN L. CARNEY,
                      *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JEFFREY BARTELS,
        *Plaintiff-Counter-Defendant-Appellant*,

                      v.                                    15-1490-cv

ROBERT SCHWARZ, GRIMM, Police Officer,
CORTES, Police Officer, O'SHAUGHNESSY, Police
Officer, DONNARUMA, Police Officer,
        *Defendants-Appellees*,

MARY MOHRMAN,
        *Defendant-Counter-Claimant-Cross-Claimant-Appellee*,

INCORPORATED VILLAGE OF LLOYD HARBOR,
POLICE CHIEF CHARLES FLYNN, MAYOR
LELAND M. HAIRR, DEPUTY MAYOR JEAN

THATCHER, JOHN RITTER, JR., SERGEANT
RENALD DIFONZO, POLICE OFFICER
MORRISSEY, POLICE OFFICER MULLER, POLICE
OFFICER BAFFA, BRIAN MADSEN, THOMAS
SCHOLL, JOHN DOES, 1 and 2,
    *Defendants-Cross-Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-COUNTER-          JAMES M. MALONEY, Law Office of
DEFENDANT-APPELLANT:           James Maloney, Port Washington, New York.

FOR DEFENDANTS-APPELLEES:       ARJAY G. YAO, Morris Duffy Alonso & Faley,
                                New York, New York.

Appeal from the United States District Court for the Eastern District of

New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Jeffrey Bartels appeals the judgment of the district court

entered April 16, 2015, in favor of various officials, police officers, and employees of the

Village of Lloyd Harbor (the "Village"), and dismissing his second amended complaint

alleging claims under 42 U.S.C. § 1983 and New York law.  By Order dated March 31,

2015, the district court granted defendants' motion for summary judgment, adopting

the Report and Recommendation of United States Magistrate Judge Gary R. Brown.

This matter arises from certain encounters between Bartels and Village officials that

Bartels claims resulted in suppression of his speech and violated his rights to due

process and equal protection.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Bartels is a "concerned resident" who documents and speaks out against matters of concern in the Village.  App. at 12.  His appeal focuses on the dismissal of his claims relating to two incidents in the Village.  The first involves the alleged menacing of Bartels by a Village-owned truck.  Bartels claims that he had pulled over on the side of the road and exited his vehicle to take pictures of a dangerous hanging wire when a Village dump truck accelerated and veered towards him, causing him to leap over the guardrail and down a 15-20 foot embankment.  The second incident relates to an encounter between Bartels and two Village police officers who allegedly saw Bartels traversing his neighbor's property and shouted to Bartels that he was trespassing.  Bartels claims that these incidents are part of a larger attempt on the part of the Village to prevent him from gathering and disseminating information about unsafe conditions and environmental harm around the Village.  He alleges deprivation of his First Amendment, equal protection, and due process rights, and assault under New York state law.

We review *de novo* the district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate when there is 'no genuine dispute as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 192 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).  "There is no 'genuine' dispute when 'the

record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Upon review, we conclude that the district court correctly granted defendants' motion for summary judgment and affirm for substantially the reasons stated by the district court and set forth in the Magistrate Judge's Report and Recommendation.

## 1. The Swerving Truck

On appeal, Bartels argues that the district court erred in resolving a material factual dispute as to whether the Village truck swerved at him based on an evaluation of two contemporaneous photographs taken by Bartels.

According to Bartels's deposition testimony, he took a photo of the truck after it began veering toward him. App. 48 ("Instead of going away from me he started angling the truck towards me. . . . I took a picture. I don't know if I got one or two shots off."). He testified that he took another photo after he had leapt over the guardrail to avoid being hit. App. 48-49 ("And then they were still speeding at me so I . . . just jumped up over the guardrail. And the embankment right off that guardrail drops . . . like 15 or 20 feet. . . . [A]nd I jumped over. . . . And then I landed, you know, going down the hillside. And I could remember -- I think one of the shots came out is that I'm basically down in the woods. And I got a shot of the truck speeding by me up on the road level. And I was down the hillside by then."). Contrary to that testimony, the first photo clearly reveals the truck veering away from him, rather than toward him. App.

55. The second also contradicts Bartels's version of events, as it was plainly taken from the roadside, not from the bottom of a 15-20 foot embankment. App. 56.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Under the circumstances, the district court correctly found that the photographs so belie Bartels's version of events that no reasonable jury could find in his favor.

## 2. The Police Encounter

Bartels argues that the district court erred in holding that there was no violation of his rights to substantive due process when the officers shouted at Bartels that he was trespassing and pursued him across the property.

"To establish a violation of substantive due process rights, a plaintiff must demonstrate that the state action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 431 (2d Cir. 2009) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

According to the second amended complaint, Bartels was traversing his neighbor's property wearing a bathrobe and slippers when two Village police officers shouted at him that he was trespassing, and "pursued him." App. 22. Bartels then "sought refuge" in the neighbor's home and "thereby avoided being pursued." *Id*.

Bartels alleged that Officer Morrissey removed a taser from his holster, placing Bartels in fear of physical harm. *Id.* In his deposition, however, Bartels stated that he saw Officer Morrissey "screwing around" with something on his belt, which Bartels thought "was a cellphone." Dkt. No. 46-2, at 44-45. On appeal, Bartels admits that while he "initially thought" the object was a taser, it "came to light that the object was a cell phone." Appellant's Br. 7. At no point did the officers make physical contact with Bartels. Dkt. No. 46-2, at 46.

Nothing about the officers' actions was improper, let alone "shocking, arbitrary, and egregious." *Anthony v. City of New York*, 339 F.3d 129, 143 (2d Cir. 2003). Their "pursuit" does not even implicate the Fourth Amendment, as Bartels was not "seized" at any point. *See California v. Hodari D.*, 499 U.S. 621, 626 (1991) (no Fourth Amendment seizure occurs until physical force has been applied or there has been submission to an assertion of authority). Thus, under the circumstances, no reasonable jury could find that Bartels's substantive due process rights were violated, and summary judgment was properly granted.

\* \* \*

We have considered all of Bartels's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 6 -